Mona Najib FATHALLA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70869.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2007.*

Filed April 4, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Aziz Asmar, Garmo & Garmo, El Cajon, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, WARDLAW, and MILAN D. SMITH, Jr., Circuit Judges.

## MEMORANDUM **

Mona Najib Fathalla, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals's (BIA) decision summarily affirming the Immigration Judge's (IJ) denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 28 U.S.C. § 1252(b)(2), and we deny the petition in part, grant in part, dismiss in part, and remand to the BIA for further proceedings consistent with this opinion.[1]

Where the BIA affirms the IJ's decision without opinion, the panel reviews the IJ's decision as the agency's final determination. *Ndom v. Ashcroft*, 384 F.3d 743, 750 (9th Cir.2004). We review adverse credibility determinations for substantial evidence. *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006). The IJ "must identify specific, cogent reasons for an adverse credibility finding, and the reasons must be substantial and legitimately connected to the finding." *Id.* (citations and internal quotation marks omitted).

Substantial evidence supports the IJ's adverse credibility finding. There were material inconsistencies at the core of Fathalla's asylum claim. For example, in her first asylum application Fathalla represented that she had come to the United States from Iraq in 2000. Later, she admitted that she had "intentionally withheld the fact that she had been living in France with her three children for a period of 18 years immediately prior to coming to the United States." Fathalla also testified that her husband had been arrested and executed by Iraqi authorities in 1990; however, she later recanted that testimony and explained that her husband had died of heart attack in 1982. Her credibility was further compromised by her admission that she had purchased false birth and baptismal certificates for her children in Mexico to support her asylum application. Because Fathalla failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation." (citation omitted)).

The IJ did not err in finding that Fathalla "knowingly filed a frivolous asylum application." 8 C.F.R. § 208.20; 8

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We omit a summary of the relevant facts as they are known by the parties.

U.S.C. § 1158(d)(6). The record demonstrates that Fathalla "deliberately fabricated" "material elements" of her application. 8 C.F.R. § 208.20. Fathalla was notified prior to filing her application that the consequence of a frivolous application is a permanent bar to all relief under immigration law. 8 U.S.C. § 1158(d)(4) & (6). The IJ also gave Fathalla "sufficient opportunity to account for any discrepancies or implausible aspects of the claim" before making his determination. 8 C.F.R. § 208.20; *see Farah v. Ashcroft,* 348 F.3d 1153, 1157–58 (9th Cir.2003).

The IJ erred, however, by failing to independently evaluate Fathalla's application for relief under the Convention Against Torture. The IJ based his denial of that application on the adverse credibility finding with respect to Fathalla's asylum application. In *Hamoui v. Ashcroft,* 389 F.3d 821 (9th Cir.2004), we explained that "[i]t is improper to equate evidence needed to sustain a claim of asylum with evidence needed to establish a claim under the Convention Against Torture; the two claims are analytically and factually different." *Id.* at 827. In reviewing an application for relief under the Convention Against Torture, an IJ must consider "all evidence relevant to the possibility of future torture," including "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal . . . [and][o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 208.16(c)(3)(iii)–(iv).

██ Here, the record contains a State Department report on country conditions in Iraq which documented abuses against the Christian minority community. The IJ erred in denying Fathalla's application for protection under the Convention Against Torture without considering this report. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001) (holding that the BIA

erred by failing to consider documented country conditions in Sri Lanka in denying petitioner's Convention Against Torture claim). We therefore remand to the BIA to determine Fathalla's eligibility for relief under the Convention Against Torture.

Finally, Fathalla claims that her due process rights were violated by the IJ's denial of her motion for a continuance and a motion by one of her attorneys to withdraw as counsel. Because Fathalla did not present her due process claim to the BIA, we lack subject-matter jurisdiction to address it now. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004) (finding the court lacked subject-matter jurisdiction over petitioners's due process challenge because petitioners failed to raise their claim in their appeal to the BIA).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; DISMISSED in part; REMANDED.**